IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON K. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1446 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| STACEY VERSAW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Dismiss (Doc. 27) will be denied regarding Plaintiff's excessive force claims against the officer-Defendants. It will be granted regarding her First Amendment claim, and the other claims against the non-officer Defendants. Plaintiff's recent "Request for Monetary Relief" (Doc. 33) will be denied.

This is a civil rights action alleging excessive force. Plain and simple. To the extent that Plaintiff asserts otherwise, this appears largely a function of her pro se status.

The request for dismissal of the excessive force claims against the officer Defendants (GRILLO, KEMP and WOOTEN) is without merit. The Court doubts that this ruling will come as a surprise to Defendants' counsel. The Court will not resolve issues regarding probable cause and the scope of justified force, in Defendants' favor, on a motion to dismiss.

Plaintiff's First Amendment claim, against desk attendant STACEY VERSAW, fails under *Iqbal/Twombly*. In essence, Plaintiff alleges that this Defendant told her that Plaintiff's minor child was not permitted on hospital premises; she accused Plaintiff of harassing her; and called university police when Plaintiff refused to leave. *See* Am. Compl. (Doc. 15).

Plaintiff has failed to allege state action.  More generally, First Amendment liability cannot attach based on the conduct alleged.  The Court has no reason to believe that Plaintiff's claim is curable by amendment, and it will be dismissed with prejudice.

Plaintiff's claims against the other non-officer Defendants (MARK O'HERN, LESLIE DAVIS and UPMC EAST) likewise will be dismissed.  All Plaintiff alleges regarding these Defendants is that she telephoned O'HERN and DAVIS to complain of her treatment, and was advised that the university police are "their own entity," and that UPMC was not responsible for their acts.  Am. Compl.

The Court understands Plaintiff's desire for accountability.  However, she has alleged no facts, nor identified any legal authority, demonstrating how these Defendants may be liable for the officers' alleged use of excessive force.  Again, the Court has no reason to believe that the claims are curable, and dismissal of these Defendants will be with prejudice.

Finally, Plaintiff's recent request/Motion (Doc. 33) for an award of damages will be denied.  Plaintiff's filing is not of a type recognized under the law.  The Court understands why she might make such a filing, given the pendency of Defendant's Motion to Dismiss.  Until now, there had been no activity in Plaintiff's case for several months.  Motions are resolved on a "first-in, first-out" basis.  Although the Court does its best, delays in the judicial process are inevitable.

With this ruling, the barrier to progress (Defendants' Motion to Dismiss) has been overcome.  Soon, the Court will enter additional orders directing what comes next.

Consistent with the above, Defendants' Motion to Dismiss (**Doc. 27**) is **DENIED** regarding the excessive force claims against the officer Defendants, and **GRANTED** regarding Plaintiff's claims against the non-officer Defendants.  STACEY VERSAW, MARK O'HERN,

UPMC EAST HOSPITAL and LESLIE DAVIS are terminated as parties in this case.  Also, Plaintiff's "Request for Monetary Relief" (**Doc. 33**) is **DENIED**.  Additional orders will follow.

    IT IS SO ORDERED.

April 10, 2024   s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via regular email):

Sharon K. Powell
480 Niagara Drive
North Huntingdon, PA  15642